20-3828
Cruz Ventura v. Garland

BIA
Lurye, IJ
A206 013 523

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

_____

**RUDY ORLANDO CRUZ VENTURA,**
> *Petitioner,*

> **v.**                                                     **20-3828**
>                                                            **NAC**

**MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Acting Assistant Attorney General; Walter Bocchini, Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rudy Orlando Cruz Ventura, a native and citizen of Guatemala, seeks review of an October 9, 2020 decision of the BIA affirming a December 12, 2017 decision of an Immigration Judge ("IJ") denying his application for withholding of removal.[1] *In re Rudy Orlando Cruz Ventura,* No. A 206 013 523 (B.I.A. Oct. 9, 2020), *aff'g* No. A 206 013 523 (Immigr. Ct. N.Y. City Dec. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006) (internal quotation marks removed and alterations adopted). We review findings of fact for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). Under the substantial evidence standard, "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when

---

[1] Cruz Ventura did not seek asylum, and he does not challenge the denial of his claim under the Convention Against Torture.

2

considered as a whole." *Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).

Here, substantial evidence supports the agency's conclusion that Cruz Ventura failed to establish that gang members persecuted him because of his religion. Cruz Ventura had the burden to establish before the IJ that his religion was "at least one central reason" for the gang members' actions. *Quituizaca v. Garland*, 52 F.4th 103, 110 (2d Cir. 2022). Although there may be "more than one motive for mistreatment," *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014), "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm," *In re J-B-N-& S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007).

Cruz Ventura testified that on three occasions on his way home from work in 1998, gang members robbed him, tried to recruit him, and assaulted him. He believed they targeted him because, as an Evangelical Christian, he would not retaliate. However, he also conceded that gang members would attack anyone they believed would not retaliate regardless of religion, and he presented no evidence that the gang members who attacked him were motivated by his religion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "some evidence of [the persecutor's motive], direct or

circumstantial"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the substantial evidence necessary to support the agency's challenged decision." (internal quotation marks omitted)).  At most, Cruz Ventura speculated that gang members believed he was an Evangelical Christian based on his clothing. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best.").  Moreover, Cruz Ventura admitted that the gang members robbed him, attempted to recruit him, and would target non-religious people if they believed that they, too, would not retaliate.  Thus, the record demonstrates that Cruz Ventura's religion was, at most, incidental to the gang members' underlying motives: money and recruitment. *See Garcia–Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (finding that family membership was not a central reason for persecution despite gang members perceiving applicant as wealthy based in part on her inheritance from her family).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
